IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-52-TAV-CCS |
| | ) | |
| MICHAEL L. RAMSEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION PENDING REVOCATION HEARING**

This case came before the Court on November 2, 2017, following Defendant Michael L. Ramsey, Jr's initial appearance on the Petition for Warrant for Offender under Supervision [Doc. 38] and a subsequent detention hearing[1] to determine the Defendant's release status pending his November 21, 2017 revocation hearing before Chief United States District Judge Thomas A. Varlan. Assistant United States Attorney Tracy L. Stone was present on behalf of the Government. Assistant Federal Defender Jonathan A. Moffatt represented the Defendant, who was also present. The Defendant sought release pending his revocation hearing, proceeded by proffer, and argued that conditions, such as returning to his job and residence, and electronic monitoring, would assure the Court that he would not flee or be a danger to anyone in the community.

The Government asked the Court to detain the Defendant pending his revocation hearing, arguing that he is a danger to the community. In support of this argument, the Government noted that the Defendant would not be a good candidate for release based on the allegations in the revocation petition, his lengthy prior criminal history, his recent prior revocation, and his prior

---

[1] The Defendant waived his right to have a preliminary hearing.

1

positive drug test. For the reasons discussed below, the Court finds that Defendant Ramsey must be detained.

A court shall order that a defendant appearing for an alleged violation of supervised release be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community, if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6)(a). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(6)(a).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. The nature and circumstances of the alleged violations in this case involve continued drug use, including testing positive for methamphetamine on July 28, 2017. *See* 18 U.S.C. § 3142(g)(1). Additionally, the Defendant has a history of absconding and not being able to be supervised, a significant criminal history that includes bank robbery (the conviction leading to his supervised release), and a prior revocation last year. *See* 18 U.S.C. § 3142(g)(3). The Court finds that characteristics, such as the Defendant's past conduct, drug use, and criminal history, all weigh in favor of detention. *See* 18 U.S.C. § 3142(g)(3).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g)(4). In this regard, the Court finds that the Defendant's continued drug use, refusal to seek and/or complete drug treatment, and failure to appear for drug screens in the past few months pose a great danger to the community. Ultimately, the Court finds that these actions of the Defendant speak louder than his promises to comply with conditions, if he was released again. Moreover, the Court finds that the conditions offered by the Defendant appear to be the same circumstances under which he was living when he tested positive

for drugs and committed the alleged violations. The Court would also note that the Probation Officer was unable to communicate with Defendant or to locate him at the residence where he was supposed to be living during his term of supervision. As of October 26, 2017, the Probation Officer was not certain where the Defendant was located.

The Defendant has failed to carry his burden of showing that he is not a flight risk or danger to the community. The Court is not persuaded in this regard, much less by clear and convincing evidence, and finds to the contrary that the Defendant does pose a serious risk of flight, absconding, and non-appearance and poses a danger to the community. Accordingly, the Court concludes that the Defendant has not carried his burden of proof and further that no condition or combination of conditions of release exist that could reasonably assure the safety of the community. Therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The Defendant is **ORDERED** to appear for a revocation hearing before Chief Judge Varlan on **November 21, 2017, at 9:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge